UNITED STATES, Appellee,

v.

Ralph H. CRONIER, Private, U. S. Marine Corps, Appellant.

No. 37,891.

NCM 79–0066.

U. S. Court of Military Appeals.

Aug. 30, 1982.

For Appellant: *Lieutenant David S. Durbin*, JAGC, USNR (on petition).

For Appellee: *Captain Craig L. Kemmerer*, USMCR, *Captain T. C. Watson, Jr.*, JAGC, USN (on petition).

*Opinion of the Court*

PER CURIAM:

Appellant was enlisted into the reserves under the Marine Corps "J" program and, five months later, into the Regular Marine Corps by a second recruiter. The trial court found that the first recruiter was intimately aware of the several charges pending against appellant in civilian court. Therefore, under applicable regulations, he was not permitted to recruit appellant and the enlistment was void. Nonetheless, despite the fact that the first recruiter cautioned appellant not to mention any of his civilian difficulties to the second recruiter, the recruitment into the Regular Marine Corps was sustained.

In *United States v. Torres*, 7 M.J. 102 (C.M.A.1979), we found under similar circumstances that there was such a factual nexus between the accused's void enlistment into the reserves in the "J" program and his subsequent enlistment into the Regular Marine Corps, that the former "smoothed the path" to the latter and thereby tainted its lawfulness. We charged the Government in future cases "when such issues are reasonably raised, to affirmatively establish that the first recruiter's misconduct did not occur, or did not occasion the second enlistment upon which court-martial jurisdiction is based." *Id.* at 104–05.

This second alternative for the Government to sustain the Regular enlistment indicates that the Court in *Torres* did not inevitably doom such an enlistment via the "J" program. The Court, rather, clearly

foresaw the possibility that, under peculiar facts of some future case, the nexus between the unlawful reserve enlistment and the subsequent Regular enlistment might be cut or become too attenuated to have any legal effect.

This is such a case. While the first recruiter here, as in *Torres*, did advise appellant to keep secret his civilian charges, the second recruiter questioned appellant in order to learn the truth and received assurances from him that his earlier application was full and accurate. These events took place *after* that recruiter had specifically admonished appellant that, regardless of what anyone else ever had told him, he should then disclose everything. While, as the Court said in *Torres*, the first recruiter might well be said to have created the situation leading up to the second enlistment, here the urgings of the second recruiter that appellant make a clean breast "of his prior civilian misconduct," whatever he might have been told before, effectively cut any bond between the two enlistments established by the actions of the first recruiter.

The decision of the United States Navy Court of Military Review is affirmed.